IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40036
Summary Calendar
_____

RICKEY GENE SPICER,

Plaintiff-Appellant,

versus

LELAND HEUSZEL, Individually and in his official capacity as
Assistant Warden; RICHARD HENRY, Individually and in his official
capacity as Field Correctional Officer; ERIC COLLIER,
Individually and in his official capacity as Building
Correctional Officer; NEAL ROY SMITH, Individually and in his
official capacity as Field Sergeant; CLYDE COOPER, Individually
and in his official capacity as Field Lieutenant; JAMES WARREN,
Individually and inn his official capacity as Disciplinary
Captain; SHENANE BOSTON, Individually and in her official
capacity as Disciplinary Counsel; DAVID FORREST, Individually and
in his official capacity as Building Major; KENT RAMSEY,
Individually and in his official capacity as Regional Director;
J.M. COCKERHAM, Individually and in his official capacity as
Deputy Director,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the
Eastern District of Texas
(9:96-CV-373)
_____

July 28, 1997

Before JOHNSON, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Rickey Gene Spicer (#5763346), a state prisoner, has appealed

_____

    [*] Pursuant to 5th CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th CIR. R. 47.5.4.

the district court's dismissal of his civil rights complaint as frivolous.  In his complaint Spicer contends that the defendants retaliated against him by filing false disciplinary charges and that he was denied his right of procedural due process in connection with prison disciplinary proceedings.

A complaint filed *in forma pauperis* "may be dismissed as frivolous if it lacks an arguable basis in law or fact." Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994); 28 U.S.C. § 1915(e)(2)(B)(I). This court reviews dismissals as frivolous for abuse of discretion. See Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).  In the present case, Spicer's allegations of retaliation are insufficient to raise a constitutional issue.  See Whittington v. Lynaugh, 842 F.2d 818, 819-21 (5th Cir. 1988), Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 116 S.Ct. 800 (1996). Furthermore, Spicer's due process claims were properly dismissed under the rule in Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995). See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 116 S. Ct. 1690 (1996).  Therefore, we hold that the district court did not abuse its discretion in dismissing the complaint as frivolous.  See Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).

Because the appeal is frivolous, it is dismissed.  5th CIR. R. 42.2.  We caution Spicer that any additional frivolous appeals filed by him will invite the imposition of sanctions.  To avoid sanctions Spicer is further cautioned to review any pending appeals

2

to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED, SANCTION WARNING ISSUED.